IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON RYDER,  No. 2:16-CV-1535-TLN-CMK

    Plaintiff,

  vs.  FINDINGS AND RECOMMENDATIONS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

    Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pending before the court are plaintiff's motion for summary judgment (Doc. 15) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

/ / /

/ / /

1

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on February 13, 2013. In the application, plaintiff claims that disability began on September 1, 2012. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on September 24, 2014, before Administrative Law Judge ("ALJ") L. Kalei Fong. In a January 27, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): Klippel-Feil syndrome, status post cervical fusion; scoliosis; and mood disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform sedentary work; she can stand/walk up to four hours in an eight-hour day; she can sit eight hours in an eight-hour day; she should avoid climbing ladders/ropes/scaffolds, and can occasionally climb stairs/ramps, stoop, crouch, crawl kneel, perform overhead reaching; mentally, the claimant can perform simple routine tasks; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on May 12, 2016, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

In her motion for summary judgment, plaintiff argues: (1) the ALJ failed to provide clear and convincing reasons for rejecting the opinions of plaintiff's treating physician, Dr. Pittman; (2) the ALJ failed to provide clear and convincing reasons for finding plaintiff's testimony not credible; and (3) the ALJ erred in concluding that plaintiff's impairment does not meet or equal Listing 1.04.

**A** **Evaluation of Medical Opinions**

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

As to Dr. Pittman, the ALJ stated:

> A physical assessment completed by Dr. Dorothy Pittman indicated that the claimant could occasionally lift/carry up to 10 pounds, sit and stand/walk two hours in an eight-hour workday, would have some limitations with fine manipulation and pushing/pulling, should avoid climbing, stooping, kneeling, crouching, crawling, reaching above shoulder level, heights, and moving machinery. Dr. Pittman also indicated that the claimant could occasionally balance and work in hot or cold temperatures, and her condition would prevent her from working (Exhibit 11F).

> The undersigned gives little weight to Dr. Pittman's medical opinions because Dr. Pittman also indicated that the claimant was not a candidate for surgery. . . .

Plaintiff argues that the ALJ's reason for rejecting Dr. Pittman is neither clear nor convincing.

At the outset, the court does not agree that the "clear and convincing" standard applies. Because Dr. Pittman's opinion is contradicted, the ALJ must state specific and legitimate reasons for rejecting the opinion. Applying this standard, the court finds that the ALJ failed to provide an adequate reason for rejecting Dr. Pittman's opinion. Specifically, the court notes that a number of other doctors whose opinions the ALJ accepted agreed that plaintiff is not a surgical candidate. Thus, this reason does not provide a logical basis for rejecting Dr. Pittman's opinion. On the contrary, simply on the basis of recommendations for surgery, one would expect the ALJ to treat those doctors who did not recommend surgery the same. The court simply cannot discern from the ALJ's analysis any basis for treating Dr. Pittman's opinion differently based on the sole reason stated. To the extent there are other reasons for discounting Dr. Pittman's opinion, the ALJ did not discuss them.

Defendant asserts that the ALJ rejected Dr. Pittman's opinion because it is inconsistent with the medical evidence. The ALJ, however, did not cite this reason and the court cannot substitute it's rationale for the ALJ's stated rationale. The matter will be remanded for re-evaluation of Dr. Pittman's opinions.

### B. Credibility Assessment

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative

evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See

Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding reliance on a claimant's daily activities to find testimony of disabling pain not credible, the Social Security Act does not require that disability claimants be utterly incapacitated. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). The Ninth Circuit has repeatedly held that the "... mere fact that a plaintiff has carried out certain daily activities ... does not ...[necessarily] detract from her credibility as to her overall disability." See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the claimant was entitled to benefits based on constant leg and back pain despite the claimant's ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Daily activities must be such that they show that the claimant is "...able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair, 885 F.2d at 603. The ALJ must make specific findings in this regard before relying on daily activities to find a claimant's pain testimony not credible. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ rejected plaintiff's testimony of disabling pain because it was in consistent with treatment notes that showed her condition is well controlled. In this regard, the ALJ noted that plaintiff reported in December 2012 that she was taking Advil as needed for pain and that her symptoms were relived with physical therapy. Plaintiff also reported in February 2013 that physical therapy improved her pain and ability to function. By March 2013 plaintiff reported feeling much better with decreased pain and increased function. From January 2014 through April 2014, plaintiff reported further improvement with physical therapy. The ALJ also

rejected plaintiff's testimony based on evidence of plaintiff's daily activities.

Plaintiff argues that the ALJ's reasons are factually incorrect. In particular, plaintiff contends that the ALJ misread Dr. Salari's opinion that plaintiff is not a surgical candidate as well as physical therapy records. Plaintiff does not, however, challenge any of the ALJ's statements regarding plaintiff's conservative course of treatment, which the ALJ may consider in assessing credibility. Because the ALJ cited this valid reason which is supported by substantial evidence, the court finds no error.

### C. Listing 1.04

The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

As to Listing 1.04, the ALJ stated:

> The claimant's impairments do not meet or equal any of the relevant musculoskeletal listing, including, but not limited to, listing 1.04. . . . Specifically, the claimant did not have any evidence of nerve root compression, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss.

The court finds no error in the ALJ's analysis because, as defendant notes, MRI results from January 2013 revealed no acute spinal cord compression.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, this matter should be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above. Accordingly, the undersigned recommends that:

    1.    Plaintiff's motion for summary judgment (Doc. 15) be granted;

    2.    Defendant's cross-motion for summary judgment (Doc. 18) be denied; and

    3.    This matter be remanded for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 28, 2017

                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE